UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE DIVISION

GLENDA WILTZ                                     Civil Action No. 6:21-0319

versus                                           Judge Michael J Juneau

WALMART INC., ET AL.                             Magistrate Judge Carol B Whitehurst

### REPORT AND RECOMMENDATION

Before the undersigned, on referral from the district judge, is the Motion to Remand [Doc. 12] filed by plaintiff Glenda Wiltz ("plaintiff"). The motion is opposed by defendants Walmart, Inc. and Paulette Johnson ("defendants') [Doc. 15]. For the following reasons, it is RECOMMENDED that the Motion to Remand be GRANTED.

### I.    FACTUAL AND PROCEDURAL BACKGROUND

The instant lawsuit arises out of an incident in an Opelousas, Louisiana Walmart store on December 27, 2019, in which a Walmart employee, while attempting to retrieve a heavy box from a top shelf, dropped the box on plaintiff's head, face, and neck. On December 23, 2020, plaintiff filed suit in the 27th Judicial District Court for the Parish of St. Landry, Louisiana. Plaintiff sued a Walmart corporate entity, Walmart Inc. (erroneously named "Wal-Mart Stores, Inc.") and listed as a defendant a fictitious person referred to as "John Doe," an employee of Walmart believed to be a resident of and domiciled in St. Landry, Louisiana.

1

Service of the plaintiff's petition, as well as her discovery, was made on January 12, 2021. Defendants argue in their opposition brief that at the time Walmart was served with the plaintiff's Petition, they were aware that the plaintiff had had cervical surgery, and they were therefore required to remove the case to this Court within thirty days of service of process. Additionally, Walmart was required to respond to the plaintiff's discovery within thirty days of service of process. Thus, unless they requested and received an extension of time, both the removal to federal court and responses to discovery would have been due on the same date, i.e. February 11, 2020.

Walmart removed the instant matter to this Court on February 5, 2021. Approximately two weeks after the removal, plaintiffs' counsel contacted defense counsel and inquired about the name of the employee who had handled the box in question. Defense counsel provided the name and shortly thereafter, provided the employee's address. Plaintiff thereafter filed a First Amended Complaint [Doc. 9] naming Paulette Johnson, a Louisiana citizen, as a direct defendant.

Defendants do not object to the addition of Paulette Johnson as a defendant, and the parties do not dispute that the addition of Paulette Johnson destroys diversity jurisdiction, as both the plaintiff and Johnson are citizens and residents of Louisiana. Rather, the disagreement among the parties with regard to the instant motion is whether the plaintiff should be awarded attorney's fees and costs of having to file

2

the motion. Plaintiff asserts that because complete diversity never existed, the removal to this Court was improperly taken.

The plaintiff contends that Walmart lacked an objectively reasonable basis to remove this case on the basis of diversity jurisdiction because she named a fictitious person referred to as John Doe, believed to be a Louisiana resident, as a defendant. According to the plaintiff, the foregoing made the case non-removable. However, as the defendants correctly argue, under 28 U.S.C. §1441(b), "[i]n determining whether a civil action is removable on the basis of the jurisdiction under §1332(a) of this title, <u>the citizenship of defendants sued under fictitious names shall be disregarded</u>." *See, e.g., Mergist v. Wal-Mart Stores, Inc.*, 2016 WL 3648262 (M.D. La. 2016) (emphasis added) (granting motion to remand but denying requests for costs and fees where plaintiff sued Wal-Mart and fictitious employee John Doe, and alleged John Doe was domiciled in the state of Louisiana). In denying a similar request for attorney's fees and costs, the *Mergist* court explained:

> The court must consider the propriety of the removing party's actions at the time of removal, based on an objective view of the legal and factual elements in each particular case, irrespective of the fact that it was ultimately determined that removal was improper. *German Sport Guns GmbH v. Heckler & Koch GmbH*, No. 14-736, 2015 WL 1247056, at *2 (M.D. La. Mar. 18, 2015) (citing *Martin*, 546 U.S. at 141, 126 S.Ct. at 711; *Miranti v. Lee*, 3 F.3d 925, 928-29 (5th Cir. 1993); *Avitts v. Amoco Prod. Co.*, 111 F.3d 30, 32 (5th Cir. 1997)).
>
> [ . . . ]

> In the instant case, an award of costs and expenses is not warranted under § 1447(c). An award under § 1447(c) requires a showing that at the time of removal the defendant lacked an objectively reasonable basis for seeking removal. As Wal-Mart points out, it was the only named defendant in the case at the time of removal, so there was complete diversity between Mergist, a Louisiana resident, and Wal-Mart, a Delaware corporation with its principal place of business in Arkansas. (R. Doc. 13-2 at 12; R. Doc. 1 at 3-4). **Further, this Court has held that the unambiguous language of §1441(b)(1) requires the Court to disregard the fictitiously named defendant's citizenship for removal purposes.** *Dixon v. Greyhound Lines, Inc.*, No. 13-179, 2013 WL 4766797, at *3 (M.D. La. Sept. 4, 2013); *E.G. Breaux v. Goodyear Tire & Rubber Co.*, No. 15-837, 2015 WL 4635566, at *2 (E.D. La. Aug. 3, 2015): *Alonzo v. Shoney's, Inc.*, No. 00-3109, 2001 WL 15641, at *3 (E.D. La. Jan. 5, 2001); *See Vaillancourt v. PNC Bank, Nat'l Assn.*, 771 F.3d 843, 848 n. 38 (5th Cir. 2014 (noting that even if claims had been asserted against the John and Jane Doe defendants in the complaint, the citizenship of defendants sued under fictitious names must be disregarded under § 1441 (b)). Thus, plaintiff has not shown that Wal-Mart lacked an objectively reasonable basis to remove this case on the basis of diversity jurisdiction.

2016 WL 3648262 (M.D. La. 2016) (emphasis added).

In this case, Walmart's actions in removing the matter were reasonable in light of the information it had at the time it removed the case. Walmart had information that the amount in controversy exceeded the jurisdictional threshold and was therefore required to remove at the time it did. Walmart timely provided the information concerning the citizenship of Paulette Johnson to the plaintiff, but because the plaintiff named a fictitious defendant, under §1441(b)(1), the citizenship of that defendant was properly ignored at the time of removal. Therefore, the removal of this matter was proper at the time Walmart removed the case, as there

was complete diversity of citizenship and the amount in controversy was satisfied. Under these circumstances, as in *Mergist*, an award of costs and expenses is not warranted under §1447(c).

Considering the foregoing,

**IT IS RECOMMENDED** that the Motion to Remand [Doc. 12] be GRANTED, and that this matter be remanded to the 27th Judicial District Court for the Parish of St. Landry, Louisiana. IT IS RECOMMENDED that the plaintiff's request for attorney's fees and costs be DENIED.

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b), parties aggrieved by this recommendation have fourteen days from service of this report and recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within fourteen days after being served with a copy of any objections or responses to the district judge at the time of filing.

Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in the report and recommendation within fourteen days following the date of its service, or within the time frame authorized by Fed. R. Civ. P 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the district court, except upon grounds

of plain error. *See Douglass v. United Services Automobile Association*, 79 F.3d 1415 (5th Cir. 1996).

**THUS DONE AND SIGNED** this 22nd day of April, 2021 at Lafayette, Louisiana.

> CAROL B. WHITEHURST
> UNITED STATES MAGISTRATE JUDGE